# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1929WM

_____

| | |
|---|---|
| Palm Beach Polo, Inc.; Palm Beach Holdings, Inc.; Tri-State Group, Inc.; Glenn F. Straub, <br><br> Appellants, <br><br> v. <br><br> Dickinson Financial Corporation, <br><br> Appellee. | * <br> * <br> * On Appeal from the United <br> * States District Court <br> * for the Western District <br> * of Missouri. <br> * <br> * [Not To Be Published] <br> * <br> * <br> * |

_____

Submitted: June 5, 2000

Filed: June 14, 2000

_____

Before RICHARD S. ARNOLD, BOWMAN, and BEAM, Circuit Judges.

_____

PER CURIAM.

Plaintiffs appeal following the District Court's[1] grant of summary judgment to defendant Dickinson Financial Corporation in plaintiffs' action to recover damages after defendant's subsidiary, Bank Midwest (Midwest), foreclosed on a loan to some of the plaintiffs. They asserted claims for tortious interference with contract, and for

_____

[1]The Honorable Fernando J. Gaitan, Jr., United States District Judge for the Western District of Missouri.

conspiracy to commit trade defamation and to interfere tortiously with plaintiffs' advantageous business relationship with their bank.

The District Court did not err in granting summary judgment. We agree with the Court that defendant was entitled to summary judgment on the tortious-interference claim, because plaintiffs failed to create a genuine factual issue as to whether defendant had an improper purpose, or used wrongful means, in any interference with their loan agreement with Midwest. See <u>Phil Crowley Steel Corp. v. Sharon Steel Corp.</u>, 782 F.2d 781, 783 (8th Cir. 1986). We also conclude that the District Court properly granted summary judgment to defendant on the conspiracy claims, because a parent and its subsidiary cannot conspire. See <u>Fogie v. Thorn Americas, Inc.,</u> 190 F.3d 889, 899 (8th Cir. 1999). Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-